**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SUSAN HERBERT, etc.,
et al.,

    Plaintiff,

vs.                            CASE NO. 3:07-cv-315-J-20HTS

THE UNITED STATES OF
AMERICA, et al.,

    Defendants.

_____

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on the request to proceed in forma pauperis contained in the Affidavit of Indigency (Doc. #2; Affidavit), filed on April 19, 2007. Upon review of the Complaint (Doc. #1; Complaint), filed the same day, it is determined the suit is subject to dismissal.

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed in forma pauperis if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant with a lawsuit. As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, the Court is empowered with the discretion to dismiss the action, sua sponte, if it is frivolous or malicious. *See id.* A suit "is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, *see id.* at 327, or where the facts asserted therein "are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327).

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). However, a court should not dismiss pursuant to § 1915 for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per curiam).

The Complaint, a thirty-one page, manifesto-like document largely comprised of unnumbered, single-spaced paragraphs in diminutive font, sets forth Plaintiff's account of the myriad ways in which she believes she has been discriminated against due to her status as a woman.  This pervasive and systemic discrimination, she claims, constitutes equal protection and due process violations, *see* Complaint at 8, and entitles her to relief such as having her named placed on the presidential ballot of all fifty states, women being made to register for the draft, amendment of the constitution, and the issuance of a temporary injunction against Wal-Mart.  *See id.* at 17-18.  It is also noted that the allegations and facts set forth in the Complaint somewhat mirror those from a case Ms. Herbert filed on April 4, 2007, in this Court that was dismissed on April 6, 2007, upon a finding that "Plaintiff['s] claims are clearly fantastic and delusional and her requested relief is beyond the Court's authority."  Order of Dismissal Without Prejudice (Doc. #6), entered in Case No. 3:07-cv-267-J-20TEM, at 4.  Indeed, Plaintiff seeks, among other relief, reinstatement of that lawsuit.  Complaint at 2, 10 ("Please undismiss the di[s]missal."), 18.

**RECOMMENDATION**

Based on the foregoing, the Court finds the allegations contained the Complaint (Doc. #1) to be frivolous as defined herein. Accordingly, it is recommended the request to proceed in forma pauperis contained in the Affidavit (Doc. #2) be **DENIED** and the case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**DONE AND ENTERED** at Jacksonville, Florida, this 16th day of May, 2007.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

All counsel of record
    and pro se parties, if any